PER CURIAM.
The Florida Rules of Civil Procedure are hereby amended in the following respects, viz.:
Rule 1.010 is amended to read:
“These rules apply to all suits of a civil nature and all special statutory proceedings in the circuit courts and civil courts of record and other trial courts except those to which the probate and guardianship rules or the summary claims procedure rules apply but the form, content, procedure and time for pleading in all special statutory proceedings shall be as prescribed by the statutes governing the proceedings unless these rules • specifically provide to the contrary. These rules shall be construed to secure the just, speedy and inexpensive determination of every action. These rules shall be known and cited as the Rules of Civil Procedure and may be abbreviated as ‘RCP’.”
Rule 1.020(d) (2) and (3) are combined and amended to read:
“Trial courts have the power to amend, rescind and adopt local rules not in conflict with any rule promulgated by the Supreme. Court but the action is not effective until approved by the Supreme Court. Each trial court shall submit seven copies of all local rules to the Supreme Court when amended, rescinded or adopted.”
Rule 1.100 is amended to read:
“(c) Contents. Every pleading or other paper shall contain a caption setting forth the name of the court, the file number and a designation as in subdivision (a) or (b) of this rule and the name of the first party on each side with an appropriate indication of other parties.”
Rule 1.250 is amended to read:
“(a) Misjoinder. Misjoinder of parties is not a ground for dismissal of an action. Any claim against a party may be severed and proceeded with separately.
“(b) Dropping parties. Parties may be dropped by an adverse party in the manner provided for voluntary dismissal in Rule 1.420(a) (1) subject to the exception stated in that rule. If notice of lis pendens has been filed in the action against a party so dropped, the notice of dismissal shall be recorded and cancels the notice of lis pen-dens without the necessity of a court order. Parties may be dropped by order of court on its own initiative or the motion of any party at any stage of the action on such terms as are just.
“(c) Adding parties. Parties may be added once as a matter of course within the same time that pleadings can be so amended under Rule 1.190(a). If amendment by leave of court is permitted, parties may be added in the amended pleading without further order of court. Parties may be added by order of court on its own initiative or on motion of any party at any stage of the action and on such terms as are just.”
Rule 1.340 is amended by lettering and subtitling each of the three paragraphs presently in the rule as follows:
“(a) Service; answer; objections.
“(b) Scope; protective orders.
“(c) Not binding on coparty.
and by adding a paragraph to read as follows :
“(d) Continuing effect. Interrogatories do not have a continuing effect.”
Rule 1.370 is amended to read:
“After commencement of an action a party may serve on any other party a written request for the admission by the latter *207 of the genuineness of any relevant documents described in the request or of the truth of any relevant matters of fact set forth in the request. If a plaintiff desires to serve a request within ten days after service of process on the defendant, leave of court, granted with or without notice, must be obtained. Copies of the documents shall be served with the request unless copies have already been furnished. Each of the matters of which an admission is requested shall be deemed admitted unless within twenty days after service thereof or within such shorter or longer time as the court may allow on motion and notice, the party to whom the request is directed serves either (1) a sworn statement denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully admit or deny those matters or (2) written objections on the ground that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper in whole or in part with a notice of hearing the objections at the earliest practicable time. If written objections to a part of the request are made, the remainder of the request shall be answered. A denial shall fairly meet the substance of the requested admission and when good faith requires that a party deny only a part or a qualification of a matter of which an admission is requested, he shall specify so much of it as is true and deny only the remainder.”
Rule 1.410(a) is amended to read:
“(a) For Attendance of witnesses; forms; issuance.
(1) Every subpoena shall be issued by the clerk under the seal of the court and, when requested, shall state the name of the court and the title of the action and shall command each person to whom it is directed to attend and give testimony at a time and place therein specified.
(2) On oral request of an attorney or party and without praecipe, the clerk shall issue a subpoena or a subpoena for the production of documentary evidence signed and sealed but otherwise in blank, both as to the title of the action and the name of the person to whom it is directed and the subpoena shall be filled in before service by the attorney or party.”
Rule 1.420(b) is amended to read:
“(b) Involuntary Dismissal. Any party may move for dismissal of an action or of any claim against him for failure of an adverse party to comply with these rules or any order of court. Notice of hearing on the motion shall be served as required under Rule 1.090(d). After a party seeking affirmative relief in an action tried by the court without a jury has completed the presentation of his evidence, any other party may move for a dismissal on the ground that on the facts and the law the party seeking affirmative relief has shown no right to relief, without waiving the right to offer evidence if the motion is not granted. The court as trier of the facts may then determine them and render judgment against the party seeking affirmative relief or may decline to render judgment until the close of all the evidence. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication on the merits.”
Rule 1.420(e) is amended to read:
“All actions in which it affirmatively appears that no action has been taken by filing of pleadings, order of court or otherwise for a period of one year shall be dismissed by the court on its own motion or on motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing why the action should remain pending at least five days before the hearing on the motion.”
Rule 1.440 is amended to read:
“SETTING CASE FOR TRIAL
“(a) When at Issue. An action is at issue after any motions directed to the last *208 pleading served have been disposed of or if no such motions are served 20 days after service of the last pleading. The party entitled to serve pleadings directed to the last pleading may waive the right to do so by filing a notice for trial at any time after the last pleading is served.
“(b) Notice for Trial. Thereafter any party may file and serve a notice that the action is at issue and ready to be set for trial. The notice shall include an estimate of the time required. The Clerk shall then submit the notice and the case file to the Court, “(c) Setting- for Trial. If the Court finds the action ready to be set for trial it shall enter its order fixing a date for pretrial conference, or for trial, or for each. Pretrial conference shall be set not less than twenty days and trial not less than thirty days from the service of the notice specified in subdivision (b) hereof. By giving the same notice, the Court may set an action for pretrial conference, or for trial, on its own motion.
“(d) Applicability. This rule does not apply to actions to which Chapter 51, Florida Statutes 1967 applies.”
Rule 1.481 is added as follows:
“Rule 1.481. Verdicts. In all actions when punitive damages are sought, the verdict shall state the amount of punitive damages separately from the amounts of other damages awarded.”
Rule 1.500(e) is amended to read:
“(e) Final judgment. Final judgments after default may be entered by the court at any time but no judgment may be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator or other representative who' has appeared in it or unless the court has made an order under Rule 1.210(b) providing that no representative is necessary for the infant or incompetent. If it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter to enable the court to enter judgment or to effectuate it, the court may receive affidavits, make references or conduct hearings as it deems necessary and shall accord a right of trial by jury to the parties when required by the Constitution or any statute.”
Rule 1.530 (b) is amended to read:
“(b) Time for Motion. A motion for a new trial or for rehearing shall be served not later than 10 days after the rendition of verdict in a jury action or the entry of judgment in a non-jury action. A timely motion may be amended to state new grounds in the discretion of the court at any time before the motion is determined.”
Rule 1.530(f) is amended to read:
“All orders granting a new trial shall specify the specific grounds therefor. If such an order is appealed and does not state the specific grounds, the appellate court shall relinquish its jurisdiction to the trial court for entry of an order specifying the grounds for granting the new trial.”
Rule 1.550(a) is amended to read:
“Executions on judgments shall issue during the life of the judgment on the oral request of the party entitled to it or his attorney without praecipe. No execution or other final process shall issue until the judgment on which it is based has been recorded nor within the time for serving a motion for new trial or rehearing and if a motion for new trial or rehearing is timely served, until it is determined; provided execution or other final process may be issued on special order of the court at any time after judgment.”
Rules 1.650, 1.670, 1.690, 1.700, 1.710 and 1.720 are repealed.
These amendments shall become effective midnight, September 30, 1968, and from that date shall apply to all civil actions then pending and thereafter filed.
CALDWELL, C. J., and THOMAS, ROBERTS, DREW, THORNAL, ERVIN and ADAMS, JJ., concur.