682 So.2d 1162 (1996)
Robert E. VAN METER, Jr., Appellant,
v.
Harry K. SINGLETARY, Appellee.
No. 96-57.
District Court of Appeal of Florida, First District.
October 30, 1996.
*1163 Appellant pro se.
Robert A. Butterworth, Attorney General; Shannon C. Lord, Assistant Attorney General, Tallahassee, for Appellee.
WEBSTER, Judge.
Appellant, an inmate of the state correctional system, seeks review of a final order which dismissed his petition for a writ of mandamus challenging a loss of gain time imposed following a finding that he had committed a disciplinary infraction. We conclude that section 95.11(8), Florida Statutes (1995), which the trial court applied to bar appellant's petition, is an unconstitutional violation of the doctrine of separation of powers when applied to limit the time within which a petition for a writ of mandamus may be filed. Accordingly, we reverse.
According to the petition, on October 1, 1993, appellant received a disciplinary report for lying to staff. Appellant was found guilty, and punished by 60 days in disciplinary confinement and the loss of 60 days in gain time. His appeal to the institution superintendent was denied. He then appealed to the Secretary of the Department of Corrections (Department), who denied the appeal on March 21, 1994. For reasons that are not clear from the record, appellant did not file his petition for a writ of mandamus in the circuit court until September 27, 1995.
The circuit court issued an order directing the Department to show cause why the petition should not be granted. The Department responded with a motion to dismiss, arguing that the petition was barred by section 95.11(8), Florida Statutes (1995). Section 95.11(8) reads:
95.11 Limitations other than for the recovery of real property.Actions other than for recovery of real property shall be commenced as follows:
....
(8) WITHIN 30 DAYS FOR ACTIONS CHALLENGING CORRECTIONAL DISCIPLINARY PROCEEDINGS.Any court action challenging prisoner disciplinary proceedings conducted by the Department of Corrections pursuant to s. 944.28(2) must be commenced within 30 days after final disposition of the prisoner disciplinary proceedings through the administrative grievance process under chapter 33, Florida Administrative Code. Any action challenging prisoner disciplinary proceedings shall be barred by the court unless it is commenced within the time period provided by this section.
On the day following that on which the motion to dismiss had been filed, the circuit court granted the motion, and dismissed the petition as barred by section 95.11(8). Petitioner timely filed a motion for rehearing, complaining that he had been afforded no opportunity to respond to the motion to dismiss before it had been granted. He also argued, among other things, that, to the extent section 95.11(8) applied, it infringed upon the authority of the judicial branch to *1164 issue extraordinary writs, including mandamus, and, therefore, violated the doctrine of separation of powers expressed in article II, section 3, of the Florida Constitution. The trial court denied the motion for rehearing without explanation. This appeal follows.
Since July 1, 1992, prisoners seeking judicial review of disciplinary action taken by the Department have been limited to the extraordinary remedies set out in Florida Rule of Civil Procedure 1.630 (i.e., the "writs of mandamus, prohibition, quo warranto, certiorari, and habeas corpus"). Jones v. Department of Corrections, 615 So.2d 798 (Fla. 1st DCA 1993). Section 95.11(8) became law on June 15, 1995. Ch. 95-283, §§ 2, 61, at 2652, 2690, Laws of Fla. Accordingly, there can be little doubt but that the legislature intended section 95.11(8) to apply to prisoner requests for judicial review of disciplinary action, which seek one of those extraordinary writs. Therefore, we conclude that the legislature intended section 95.11(8) to apply to actions such as appellant's, which seek the extraordinary writ of mandamus.
By its express language, the effect of section 95.11(8) was to bar appellant's action seeking mandamus relief on July 15, 1995, some 74 days before the petition was filed. However, appellant argues that section 95.11(8) is ineffective to bar his action because, as applied to requests such as his, seeking the issuance of an extraordinary writ, the statute is an unconstitutional violation of the doctrine of separation of powers. We agree.
Article V, sections 3(b)(7) & (8), 4(b)(3) and 5(b), of the Florida Constitution vest in the supreme court, the district courts of appeal and the circuit courts, respectively, the power to issue extraordinary writs, including writs of mandamus. In State ex rel. Buckwalter v. City of Lakeland, 112 Fla. 200, 150 So. 508 (1933), our supreme court concluded that the intent behind the constitutional grant of such power was to vest in the courts the full and complete authority to grant such writs, and that the legislature was prohibited from interfering with that power in any way. Similarly, in Brinson v. Tharin, 99 Fla. 696, 127 So. 313 (1930), the court concluded that the legislature could not extend, limit or regulate the power conferred on the court by the constitution to issue writs of certiorari. And, in Palmer v. Johnson, 97 Fla. 479, 121 So. 466 (1929), the court said that the legislature could not constitutionally impose restrictions upon the time within which one might seek a writ of certiorari to review the decision of a lower tribunal, because such power rested exclusively in the court. Clearly, if applied to actions such as appellant's, the effect of section 95.11(8) would be to regulate, and to limit, the power of the courts to issue such extraordinary writs.
Historically, it has been generally recognized that,
while mandamus is classed as a legal remedy, it is a remedial process, which is awarded not as a matter of right, but in the exercise of a sound judicial discretion and upon equitable principles.... It is an extraordinary remedy which will not be allowed in cases of doubtful right ..., and it is generally regarded as not embraced within statutes of limitation applicable to ordinary actions, but as subject to the equitable doctrine of laches....
United States ex rel. Arant v. Lane, 249 U.S. 367, 371, 39 S.Ct. 293, 294, 63 L.Ed. 650, 652 (1919) (citations omitted). Accord State ex rel. Haft v. Adams, 238 So.2d 843 (Fla.1970); State ex rel. Perkins v. Lee, 142 Fla. 154, 194 So. 315 (1940); Tampa Waterworks Co. v. State ex rel. City of Tampa, 77 Fla. 705, 82 So. 230 (1919). Thus, it is clear that the law relating to writs of mandamus, including that involving the time within which a request for such relief must be made, has been developed by the judiciary.
We recognize that Florida Rule of Civil Procedure 1.630(c), which is applicable to actions seeking relief by extraordinary writ in the circuit courts, addresses the issue of the time within which such an action must be commenced. It reads: "A complaint shall be filed within the time provided by law, except that a complaint for common law certiorari shall be filed within 30 days of rendition of the matter sought to be reviewed." The relevant inquiry for our purposes is the intended meaning of the language which states that a complaint seeking extraordinary relief other than common law certiorari must "be *1165 filed within the time provided by law." An argument might be made that this language was intended to include statutory, as well as judicially developed, law, and that, therefore, the supreme court intended to cede to the legislature its power to control the time within which such actions must be commenced. However, we are unwilling to presume that the supreme court intended so cavalierly to surrender to the legislature a power which it had zealously guarded for so long. Instead, we believe that the court intended by such language to refer to the judicially developed law regarding the time within which such relief must be soughti.e., the concept of laches.
Based upon the foregoing analysis, we hold that, as applied to efforts by prisoners to seek by request for a writ of mandamus review of disciplinary actions taken against them by the Department, section 95.11(8), Florida Statutes (1995), impermissibly infringes upon powers vested exclusively in the judicial branch. As a result, section 95.11(8) is an unconstitutional violation of the doctrine of separation of powers expressed in article II, section 3, of the Florida Constitution. Therefore, it may not be applied to bar appellant's action seeking a writ of mandamus. Pursuant to our constitution, if such a time limit is to be established, only the supreme court may do so. Until it does, the time within which such an action must be commenced remains controlled by the equitable concept of laches.
We reverse the order dismissing appellant's action, and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED, with directions.
ALLEN, J., concurs.
MINER, J., dissents with written opinion.
MINER, Judge., dissenting.
The majority here has found that section 95.11(8), Florida Statutes, constitutes "an unconstitutional violation of the doctrine of separation of powers___." Because I see no conflict between the separation of powers doctrine and the legislature acting under the grant of authority given by the Florida Supreme Court in rule 1.630(c), Florida Rules of Civil Procedure, I respectfully dissent.
Judge Webster is eminently correct when he points out in his opinion that it has long been established law in this state that mandamus is governed by the equitable doctrine of laches and is not subject to statutes of limitations. Likewise, as Judge Webster notes, this case turns on the interpretation of the above-cited rule. However, we need not indulge the presumption that, in adopting this rule, the supreme court did not intend to "cavalierly surrender to the legislature a power which it had zealously guarded for so long." We need only give to the words of Fla.R.Civ.P. 1.630(c) their plain and ordinary meaning in order to dispose of the issue before us.
Because my interpretation of the rule in question and its effect on section 95.11(8) differs from that of the majority, I have undertaken a review of the history of rule 1.630 in an effort to determine the source of the language in subsection (c) providing that "[a] complaint [for extraordinary relief] shall be filed within the time provided by law, except that a complaint for common law certiorari shall be filed within 30 days of rendition of the matter sought to be reviewed." (Emphasis added.)
Effective January 1, 1967, the Supreme Court revised the Florida Rules of Civil Procedure, which revision contained several rules pertaining to extraordinary writs. In re Florida Rules of Civil Procedure 1967 Revision, 187 So.2d 598 (Fla.1966). In the 1967 revision, certiorari as embodied in Common Law Rule 55 was the subject of Fla. R.Civ.P. 1.640. Prohibition, from Common Law Rule 56, was dealt with in rule 1.650[1]. Common Law Rule 57 pertaining to mandamus was covered in new Fla.R.Civ.P. 1.660. Quo warranto and constitutional stay writs as found in Common Law Rules 58 and 60 were covered in Fla.R.Civ.P. 1.670 and 1.680, respectively[2]. *1166 Each of the above rules prescribed the requirements regarding the writ sought, e.g., requirements for petitioning. Only the certiorari rule contained a time limitation for filing the petition. That rule required filing of a petition "within 60 days from the date of the proceeding, order, judgment or decree sought to be reviewed." In 1970, the time limit was reduced to 30 days. In re Florida Rules of Civil Procedure, 237 So.2d 151 (Fla.1970). The other extraordinary remedies, however, did not reference any filing time at all, not even in the most general terms.
In the Florida Appellate Rules (1962 Revision, as amended 1968), rule 4.5 was the single rule covering extraordinary writs. This rule contained various subsections, each of which addressed the various writs: mandamus, certiorari, prohibition, quo warranto, habeas corpus and constitutional writs. The rule stated that "[a]ll applications for [the writs] necessary to the complete exercise of the jurisdiction of the Court, as authorized by the Constitution, shall be made as herein provided." Again, except for the requirement that petitions for writ of certiorari be filed within 30 days from rendition of the decision, order, or judgment sought to be reviewed, no section of the rule addressed the subject of a time limitation for filing.
In 1977, the supreme court replaced rule 4.5 with rules 9.100, 9.110, and 9.120. Rule 9.100 (Original Proceedings), which is substantially in the same form today, stated that its applicability was "to those proceedings which invoke the jurisdiction of the courts... for the issuance of writs of mandamus, prohibition, quo warranto, certiorari, habeas corpus and all writs necessary to the complete exercise of the court's jurisdiction; and for review of nonfinal administrative action." This simpler rule consolidated the requirements for all writs. Rule 9.100(b) "Commencement" stated that "[t]he original jurisdiction of the court shall be invoked by filing a petition, accompanied by a filing fee if prescribed by law, with the clerk of the court deemed to have jurisdiction." Section (c) "Exception; Common Law Certiorari" specified that "[a] petition for common law certiorari shall be filed within 30 days of rendition of the order to be reviewed." The committee notes to the rule stated in part that
[s]ections (b) and (c) set forth the procedure for commencing an extraordinary writ proceeding. The time for filing a petition for common law certiorari is jurisdictional.
In regard to the sections of the rule regarding time limits, e.g., for responses and replies, the Committee Notes state the following:
It should be noted that the times for response and reply are computed by reference to service rather than filing. This practice is consistent throughout these rules except for initial, jurisdictional filings.
Because it implemented new appellate rules regarding original proceedings, the supreme court repealed Florida Rules of Civil Procedure 1.640 (Certiorari), 1.660 (Mandamus), and 1.680 (Constitutional Stay Writs) in 1980 (effective 1/1/81) as having been superseded by the new appellate rules. In re Rules of Civil Procedure, 391 So.2d 165 (Fla. 1980).
Subsequently, in 1984, however, the supreme court amended Florida's Rules of Civil Procedure by adding rule 1.630, which is entitled "Extraordinary Remedies." The rule states that it "applies to actions for the issuance of writs of mandamus, prohibition, quo warranto, certiorari, and habeas corpus." Subsection (c) states the following:
Time. A complaint shall be filed within the time provided by law, except that a complaint for common law certiorari shall be filed within 30 days of rendition of the matter sought to be reviewed.
The 1984 rule, then, is the first to address the time in which petitions for writs other than certiorari must be filed by specifying that they "shall be filed within the time provided by law." The court's commentary *1167 to the rules states the reason for adopting rule 1.630 as follows in pertinent part:
Rule 1.630 replaces rules and statutes used before 1980 when the present Rules of Appellate Procedure were adopted. Experience has shown that Rule 9.100 is not designed for use in trial court. The time for proceeding, the methods of proceeding and the general nature of the procedure is appellate and presumes that the proceeding is basically an appellate proceeding. When the extraordinary remedies are sought in the trial court, these items do not usually exist and thus the rule is difficult to apply. The uniform procedure concept of Rule 9.100 has been retained with changes making the procedure fit trial court procedure.
Clearly the court made no reference to its new requirement regarding filing time for writs other than certiorari in the rule.
From the above discussion two conclusions may be drawn; (1) mandamus actions have not previously been subject to a statute of limitations and, (2) until 1984 no court rule authorized placing a time limit on the filing of mandamus or even made reference to any time for filing for an extraordinary remedy, other than a court-created limit for filing certiorari.
The proposed opinion in the case at bar suggests that the language of Fla.R.Civ.P. 1.630(c) providing that a petition for extraordinary relief (other than certiorari) "shall be filed within the time provided by law" may refer to judicially-developed law rather than law enacted by the legislature. This explanation, however, does not account for the supreme court's phrasing in section (d) of the rule where the court addresses service of writs as follows:
If the complaint shows a prima facie case for relief, the court shall issue: [an appropriate writ, summons or order]. The writ shall be served in the manner prescribed by law, except the summons in certiorari shall be served as provided in rule 1.080(b). (Emphasis added). Obviously, the plain language of the rule requires service as required by law for all other writs and as provided by judicially-created rule for certiorari. No basis appears in the rules for distinguishing the phrase "provided by law," which appears in rule 1.630(c), from "prescribed by law," which appears in 1.630(d), by saying that the former phrase refers to judicially-created law and the latter to legislatively-made law. The language authorizing the legislature to establish a time for filing for extraordinary remedies other than certiorari is, as noted above, not new to the rules regarding extraordinary remedies, and, in any event, I can find no basis for concluding that the supreme court did not intentionally include this provision in the rule and invite the legislature to create time limitations for filing for extraordinary writs other than certiorari[3].
In addition to the foregoing, I find at least one basic rule of statutory construction that I believe can and should, indeed, must, be applied in construing rule 1.630. See Bryan v. State, 94 Fla. 909, 114 So. 773, 775 (1927)("The court is bound by the rules which must be construed as statutes are construed."). A statute [or a rule] must, if possible, be read and interpreted in such a manner as to give effect to every provision thereof. See Forehand v. Bd. of Public Instruction, 166 So.2d 668 (Fla. 1st DCA 1964). In my view, rule 1.630(c) means just what it says and since predecessor rules contained no provision on time limits for writs other than certiorari and because laches has been available as a defense almost from day one, the majority's interpretation of the phrase "shall be filed within the time provided by law" renders that phrase meaningless.
I acknowledge that my reading of the rule involved here presents another potential problem, in that it might be argued that rule 1.630, to the extent it authorizes the legislature to impose the time limit contained in section 95.11(8), Florida Statutes amounts to an unconstitutional delegation of judicial authority[4]. See Haven Fed. Sav. & Loan Assoc. *1168 v. Kirian, 579 So.2d 730 (Fla.1991)(Legislation regarding severance of counter claims in mortgage foreclosure actions declared unconstitutional); Markert v. Johnston, 367 So.2d 1003 (Fla.1978)(Section 627.7262, relating to joinder of a motor vehicle liability insurer, an unconstitutional invasion of rule-making authority). However, no such argument was made below or in this court; hence, although worthy of mention, such consideration does not provide the foundation upon which to rest the majority's conclusion that section 95.11(8) Fla. Stat. is unconstitutional.
I would affirm the trial court's ruling.
NOTES
[1] This rule was repealed effective 10/1/68. In re Fla. R. Civ. P., 211 So.2d 206, 208 (Fla.1968).
[2] Fla.R.Civ.P. 1.670 was also repealed effective 10/1/68, In re Fla. R. Civ. P., 211 So.2d 206, 208 (Fla.1968).
[3] Sec. 95.11(8) was enacted in 1995.
[4] Because only the Florida Supreme Court has the authority to invalidate a rule which it adopted, this court is not empowered to do so directly or indirectly. See Ser-Nestler, Inc. v. General Finance Loan Co., 167 So.2d 230 (Fla. 3rd DCA 1964), dismissed, 174 So.2d 35 (Fla. 1965).