708 So.2d 266 (1998)
Harry K. SINGLETARY, Appellant,
v.
Robert E. VAN METER, Jr., Appellee.
No. 89325.
Supreme Court of Florida.
February 26, 1998.
Rehearing Denied April 2, 1998.
Robert A. Butterworth, Attorney General, and Charlie McCoy, Assistant Attorney General, Tallahassee, for Appellant.
Nancy A. Daniels, Public Defender, and Chet Kaufman, Assistant Public Defender, Second Judicial Circuit, Tallahassee, for Appellee.
PER CURIAM.
We have on appeal Van Meter v. Singletary, 682 So.2d 1162 (Fla. 1st DCA 1996), wherein the district court declared section 95.11(8), Florida Statutes (1995), invalid. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
After inmate Robert Van Meter was transferred in June 1992 from one Florida prison to another, he claimed that the Department of Corrections (the Department or DOC) lost several of his law books. The Department conducted an investigation on April 14, 1993, and reimbursed him on August 8, 1993. Prison officials subsequently discovered one of the books in Van Meter's possession on October 1, 1993, and charged him with lying to prison staff. He was disciplined following a hearing on October 5, 1993, and appealed.
Van Meter's appeal was denied first by the prison superintendent in November 1993, and then by the Secretary of DOC on March 21, 1994. Van Meter filed a petition for mandamus relief in circuit court on September 27, 1995, but the court dismissed the petition as time-barred under section 95.11(8), Florida Statutes (1995).[1] The district *267 court reversed, ruling that section 95.11(8) is "an unconstitutional violation of the doctrine of separation of powers." Van Meter, 682 So.2d at 1165. The court held that the statute cannot bar Van Meter's petition.
Van Meter argues that section 95.11(8) is inapplicable to his case because the statute did not become effective until after his disciplinary proceeding transpired. Secretary Singletary agrees.
Section 95.11(8), Florida Statutes (1995), became effective June 15, 1995.[2] As noted above, all the operative events in the instant case took place long before that date. Accordingly, we agree with both Van Meter and Secretary Singletary that the statute is inapplicable. See, e.g., Foley v. Morris, 339 So.2d 215 (Fla.1976) ("[I]n the absence of a clear manifestation of legislative intent to the contrary, statutes of limitation are construed as prospective and not retrospective in their operation, and the presumption is against any intent on the part of the legislature to make such a statute retroactive.)" Id. at 217 (quoting with approval 51 Am.Jur.2d Limitation of Actions § 57 (1970)). Cf. Dade County v. Ferro, 384 So.2d 1283 (Fla.1980) (applying same rule to statute of repose).
We affirm the result in Van Meter, i.e., that section 95.11(8) cannot bar Van Meter's petition, but reverse the remainder of the opinion in light of our recent decision in Kalway v. Singletary, 708 So.2d 267 (Fla. 1998), wherein we held that section 95.11(8) does not constitute a violation of the separation of powers doctrine.
It is so ordered.
KOGAN, C.J., OVERTON, SHAW, HARDING, WELLS and ANSTEAD, JJ., and GRIMES, Senior Justice, concur.
NOTES
[1] Section 95.11(8), Florida Statutes (1995), sets a thirty day limit on challenges to prisoner disciplinary proceedings:

95.11 Limitations other than for the recovery of real property.Actions other than for recovery of real property shall be commenced as follows:
....
(8) WITHIN 30 DAYS FOR ACTIONS CHALLENGING CORRECTIONAL DISCIPLINARY PROCEEDINGS.Any court action challenging prisoner disciplinary proceedings conducted by the Department of Corrections pursuant to s. 944.28(2) must be commenced within 30 days after final disposition of the prisoner disciplinary proceedings through the administrative grievance process under chapter 33, Florida Administrative Code. Any action challenging prisoner disciplinary proceedings shall be barred by the court unless it is commenced with the time period provided by this section.
§ 95.11, Fla. Stat. (1995). This Court recently amended our rules of procedure to adopt the same thirty day time limit:
RULE 9.100 ORIGINAL PROCEEDINGS
(a) Applicability. This rule applies to those proceedings that invoke the jurisdiction of the courts ... for the issuance of writs of mandamus, prohibition, quo warranto, certiorari, and habeas corpus, and all writs necessary to the complete exercise of the courts' jurisdiction....
....
(c) ... The following shall be filed within 30 days of rendition of the order to be reviewed:
....
(4) A petition challenging an order of the Department of Corrections entered in prisoner disciplinary proceedings.
Fla. R.App. P. 9.100. The amendment became effective January 1, 1997. Amendments to the Florida Rules of Appellate Procedure, 685 So.2d 773 (Fla.1996).
[2] See Ch. 95-283, § 61 at 2690, Laws of Fla.:

Section 61. Except as otherwise expressly provided in this act, this act shall take effect upon becoming a law.
Became a law without the Governor's approval June 15, 1995.
Filed in Office Secretary of State June 14, 1995.