PARIENTE, J.,
concurring in part and dissenting in part.
I agree that trial courts may proceed with the guilt phase of pending capital prosecutions, but I dissent from allowing the penalty phase to proceed until the Legislature acts to remedy the constitutional problems with chapter 2016-13, Laws of Florida (the Act), that this Court identified in Perry v. State, 41 Fla. L. Weekly S449, 210 So.3d 630, 2016 WL 6036982 (Fla. Oct. 14, 2016).[4] While it may appear that the solution requires only the simple fix of the trial court judge substituting the 10-2 vote requirement for the jury’s final recommendation to impose death with a unanimous vote requirement, the plurality disregards this Court’s longstanding precedent on severability, which precludes the judiciary from rewriting legislation.[5] In fact, the plurality fails to even explain how a valid capital sentencing scheme “complete in itself’ remains after Perry unless the Act’s unconstitutional provisions are rewritten judicially. Cramp v. Bd. of Pub. Instruction of Orange County, 137 So.2d 828, 830 (Fla. 1962).
In this Court’s longstanding severability analysis, “the key determination is whether the overall legislative intent is still accomplished without the invalid provisions.” *862 State v. Catalano, 104 So.3d 1069, 1080-81 (Fla. 2012) (citing Martinez v. Scanlan, 682 So.2d 1167, 1173 (Fla. 1991)) (emphasis added). The inquiry is whether “the law’s invalid provisions can be severed,” not whether this Court may sever and replace the unconstitutional provisions to revive the Act. Lawnwood Med. Ctr., Inc. v. Seeger, 990 So.2d 503, 518 (Fla. 2008).
I recognize that Chief Justice Labarga conducts a severability analysis in his concurring in result opinion. In fact, I agree with Chief Justice Labarga that “the unconstitutional portion of the Act can be separated from the rest” of the Act. Concurring in result op. at 860 (Labarga, C.J.). Indeed, in Perry, this Court “deter-min[ed] that the sentencing recommendation is a separate conclusion distinct from the jury’s findings” because “[i]t has long been true that a juror is not required to recommend the death sentence even if the jury concludes that the aggravating factors outweigh the mitigating circumstances.” Perry, 41 Fla. L. Weekly at S452, 210 So.3d at 640. However, I disagree that “a complete law remains in [the] absence,” of the Act’s unconstitutional provisions unless individual courts rewrite those provisions during capital sentencing proceedings. Concurring in result op. at 860 (Labarga, C.J.).[6] Likewise, as the trial court in Rosario originally determined, I disagree that the plurality’s solution—“[tjrial courts... instructing] ju~ ríes” consistent with our holding in Hurst v. State (Hurst), 202 So.3d 40 (Fla. 2016)— is constitutionally sound. Concurring in result op. at 862-63 (Labarga, C.J.).
After our decision in Hurst, a trial judge cannot sentence a capital defendant to death in Florida without a jury’s unanimous final recommendation for death. 202 So.3d at 44. Therefore, severing the jury’s final sentence recommendation, which “is tantamount to the jury’s verdict in the sentencing phase of trial,” from the Act would gut the capital sentencing statute. Id. at 54. Thus, I conclude that the Act’s 10-2 requirement for the jury’s final recommendation of death—found in sections 921.141(2)(c) and 921.142(3)(c)—is not sev-erable from the Act’s other provisions, which were construed as constitutional in Perry.[7] Accordingly, I would conclude that the Act is void in its entirety and “cannot be applied to pending prosecutions.” Perry, 41 Fla. L. Weekly at S453, 210 So.3d at 641.
I assume- the plurality’s judicial fix is temporary until the Legislature enacts new legislation, but what remains uncertain is whether additional appellate issues will be created by penalty phase proceedings conducted without the benefit of a new statute. Such concerns are precisely why it is for the Legislature, not this Court, to enact legislation curing the Act’s fatal 10-2 provisions, assuming the Legis *863 lature intends for the death penalty to continue to be imposed in Florida. For the reasons explained above, I dissent to allowing trial courts to proceed with the penalty phase of pending capital prosecutions.[8]
QUINCE, J., concurs.

. Just as the Legislature enacted a new law following the United States Supreme Court’s decision in Hurst v. Florida, — U.S. —, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016), I have every confidence that the Legislature will enact new legislation addressing the constitutional issues raised by Hurst v. State (Hurst), 202 So.3d 40 (Fla. 2016), and Perry, in the upcoming legislative session. In fact, two identical bills—one proposed by the House and one by the Senate—have already been filed seeking to remedy the Act’s constitutional infirmities as identified in Hurst and Perry. See Fla. HB7101 (2016); Fla. SB7068 (2016).

. Subsection 921.141(2)(c) currently provides:
If at least 10 jurors determine that the defendant should be sentenced to death, the jury’s recommendation to the court shall be a sentence of death. If fewer than 10 jurors determine that the defendant'should be'sentenced to death, the jury’s recommendation to the court shall be a sentence of life imprisonment without the possibility of parole.
Subsection 921.142(3)(c) currently provides:
If at least 10 jurors determine that the defendant should be sentenced to death, the jury's recommendation to the court shall be a sentence of death. If fewer than 10 jurors determine that the defendant should be sentenced to death, the jury's recommendation to the court shall be a sentence of life imprisonment without the possibility of parole.

, See Seeger, 990 So.2d at 518 (“The judicial doctrine of severability is ’derived from the respect of the judiciary for the separation of powers.'” (quoting Ray v. Mortham, 742 So.2d 1276, 1280 (Fla. 1999)); State v. Elder, 382 So.2d 687, 690 (Fla. 1980) (("The Court will not ... abandon judicial restraint and invade the province of the legislature by rewriting its terms.” (citing Brown v. State, 358 So.2d 16, 20 (Fla. 1978)).

. The Delaware Supreme Court similarly held, after Hurst v. Florida, that they were “unable to discern a method by which to parse the[ir] [capital sentencing] statute so as to preserve it.” Rauf v. Delaware, 145 A.3d 430, 434 (Del. 2016). The Delaware Supreme Court elaborated, “Because we see no way to sever § 4209, the decision whether to reinstate the death penalty ... and under what procedures, should be left to the General Assembly.” Id. Unlike this Court in Hurst and Perry, the Delaware Supreme Court also commuted all previously imposed death sentences to life. Powell v. Delaware, 153 A.3d 69, 75-76, 2016 WL 7243546, at *5 (Del. Dec. 15, 2016).

. I concur in part because I agree that trial courts are not prohibited from proceeding to death qualify the jury and proceeding to the guilt phase of pending capital prosecutions because the death penalty itself was not declared unconstitutional by Hurst v. Florida or Hurst. However, in addition to my disagreement on allowing the penalty phase of pending prosecutions to proceed, I disagree with the plurality receding from the penultimate conclusion in Perry that the Act “cannot be applied to pending prosecutions” without explanation and, in a separate order, denying the pending motion for clarification in Perry as moot rather than granting clarification and explaining how the remaining parts of the Act can be applied to pending prosecutions. Perry, 41 Fla. L. Weekly at S453, 210 So.3d at 641.