471 So.2d 7 (1985)
PAROLE & PROBATION COMMISSION, Petitioner,
v.
Robert BRUCE, Respondent.
No. 65289.
Supreme Court of Florida.
May 2, 1985.
Rehearing Denied July 12, 1985.
*8 Doris E. Jenkins, Asst. Gen. Counsel, Florida Parole and Probation Com'n, Tallahassee, for petitioner.
Bennett H. Brummer, Public Defender and Elliot H. Scherker, Asst. Public Defender, Eleventh Judicial Circuit, Miami, for respondent.
OVERTON, Justice.
This cause is before us on petition to review Bruce v. Florida Parole and Probation Commission, 450 So.2d 520 (Fla. 3d DCA 1984). The district court held that the Commission had abused its discretion when it refused to convert respondent's presumptive parole release date into an effective parole release date based upon the same information it had before it when establishing respondent's presumptive parole release date. The district court of appeal vacated the Commission's order, directed that respondent be placed on parole, and certified the following question as being of great public importance:
Whether the Florida Parole and Probation Commission may decline to authorize a recommended effective parole release date, and thereby deny parole, pursuant to section 947.18, Florida Statutes (1981), solely upon the basis of information which was previously considered, or available for consideration, in setting the inmate's presumptive parole release date.
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
This Court answered the same question in the affirmative in our recent decision in Florida Parole and Probation Commission v. Paige, 462 So.2d 817 (Fla. 1985). In that case we held that section 947.18, Florida Statutes (1981), vests ultimate discretion in the Commission to determine whether an inmate qualifies for parole. Id. at 820. We found that the Commission had not abused its discretion in refusing to set an effective parole release date upon a determination that the inmate had previously shown he was not able to abide by parole conditions.
In the instant case, the Commission determined that it could not make a positive finding for parole release as required by section 947.18. This determination was based upon the findings that respondent was in need of treatment as a mentally disordered sex offender; that he suffered from a psychosexual disorder and a compulsion to commit sex acts against women; and that he had been disciplined for fantasizing sexual feelings toward female correction employees. Under our holding in Paige, this is a sufficient basis to deny setting an effective parole release date. We find no abuse of discretion by the Commission.
Accordingly, we answer the certified question in the affirmative and quash the decision of the district court of appeal in the instant case.
It is so ordered.
BOYD, C.J., and ADKINS, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.