625 So.2d 1296 (1993)
Jimmy McCorvey, Appellant,
v.
FLORIDA PAROLE COMMISSION, Appellee.
No. 91-1020.
District Court of Appeal of Florida, First District.
October 29, 1993.
*1297 Jimmy McCorvey, pro se.
James S. Byrd, Asst. Gen. Counsel, Florida Parole Com'n, Tallahassee, for appellee.

REVISED OPINION
PER CURIAM.
Upon consideration of appellee's motion for rehearing, the original opinion is withdrawn and the following opinion substituted therefor. In light of this revised opinion, the motion for rehearing is denied.
Jimmy McCorvey appeals an order denying his petition for writ of habeas corpus or mandamus filed after the Florida Parole Commission suspended his presumptive parole release date (PPRD). The Commission expressly based the suspension of appellant's PPRD on information it considered when it initially set the PPRD and on psychological reports that the Commission describes as indicating "underlying hostility and a potential for aggressive behavior."
We reject McCorvey's contention that the Commission abused its discretion in suspending his PPRD on the basis of previously-considered information. The law is well settled that, pursuant to section 947.18, Florida Statutes, the Commission may decline to authorize an inmate's release on the basis of information that was previously considered, or available for consideration, when it set the inmate's PPRD. Florida Parole and Probation Commission v. Paige, 462 So.2d 817 (Fla. 1985); Parole and Probation Commission v. Bruce, 471 So.2d 7 (Fla. 1985).
However, we are unable to determine whether McCorvey's second contention, that the psychological reports on which the Commission based the suspension do not support the suspension, is meritorious as the court record does not contain those reports. Adequate review of the Commission's decision to suspend appellant's PPRD cannot be performed in the absence of the portions of the inmate's official record relied on by the Commission to support its recited reasons. Williams v. Florida Parole Commission, 625 So.2d 926 (Fla. 1st DCA 1993). We reverse and remand to the circuit court for further proceedings consistent with our opinion in Williams.
REVERSED AND REMANDED.
ZEHMER, C.J., and BARFIELD and ALLEN, JJ., concur.