PER CURIAM.
Johnson appeals an order denying his petition for writ of mandamus, filed after the Florida Parole Commission declined to authorize his effective parole release date, and suspended his presumptive parole release date (PPRD). The Commission predicated its action upon the facts of appellant’s crimes and his prior record, and conclusions reached as result of appellant’s “latest mental health status report.” Appellant’s argument that the Commission erred in considering the facts of his crimes and his prior record, where those factors had been considered in setting his PPRD, is clearly without merit in view of Florida Parole and Probation Commission v. Paige, 462 So.2d 817 (Fla.1985), and Parole and Probation Commission v. Bruce, 471 So.2d 7 (Fla.1985).
However, as was the case in McCorvey v. Florida Parole Commission, 625 So.2d 1296 (Fla. 1st DCA 1993), we are unable to determine the validity of Johnson’s contention that the mental health status report does not support the Commission’s action, as the record before this court does not contain a copy of this report. Adequate review of the Commission’s action cannot be performed in the *210 absence of the portions of the inmate’s official record expressly relied on by the Commission. Williams v. Florida Parole Commission, 625 So.2d 926 (Fla. 1st DCA 1993). Accordingly, we reverse and remand to the circuit court for further proceedings consistent our opinions in Williams and McCorvey.
REVERSED AND REMANDED.
SMITH, JOANOS and DAVIS, JJ., concur.