PER CURIAM.
Trial judges in several circuits have petitioned this Court to amend Florida Rules of Court to permit juveniles to attend detention hearings via audiovideo device. We have jurisdiction. Art. V, § 2(a), Fla. Const.
Florida Rule of Juvenile Procedure 8.010 provides that no child may be placed in detention without a hearing where probable cause and the need for detention are determined:
RULE 8.010 DETENTION HEARING
(a) When Required. No detention order provided for in rule 8.013 shall be entered without a hearing at which all parties shall have an opportunity to be heard on the necessity for the child’s being held in detention....
[[Image here]]
(f) Issues. At this hearing the court shall determine the following:
(1) The existence of probable cause to believe the child has committed a delinquent act. This issue shall be determined in a nonadversary proceeding. The court shall apply the standard of proof necessary for an arrest warrant and its finding may be based upon a sworn complaint, affidavit, deposition under oath, or, if necessary, upon testimony under oath properly recorded.
(2) The need for detention according to the criteria provided by law. In making this determination in addition to the sworn testimony of available witnesses all relevant and material evidence helpful in determining the specific issue, including oral and written reports, may be relied upon to the extent of its probative value, even though it would not be competent at an adjudicatory hearing.
“[Cjriteria provided by law” in subsection (2) include those requirements set out in section 39.042, Florida Statutes (1995).[1]
*196 Judges in the fifth,[2] ninth, thirteenth, seventeenth, and nineteenth circuits have petitioned this Court to amend Florida Rule of Juvenile Procedure 8.100(a) to allow juveniles to attend detention hearings via audiovideo device:
RULE 8.100 GENERAL PROVISIONS FOR HEARINGS
Unless otherwise provided, the following provisions apply to all hearings:
(a) Presence of the Child. The child shall be present unless the court finds that the child’s mental or physical condition is such that a court appearance is not in the child’s best interests, except that the child’s presence may he either in person or by electronic audiovisual device in the discretion of the Court for detention hearings.
The judges make the following points: Similar procedures are used for adults at first appearance and arraignment; this practice will eliminate the need for transporting juveniles from the detention center to the courthouse, which will end fights during transport and give juveniles more time to attend classes and counseling sessions at the center; this practice will eliminate the parading of juveniles through the courthouse in handcuffed groups and will do away with outbursts and fights in the courtroom.
Opponents of the amendment include individual public defenders, the Juvenile Court Rules Committee of the Florida Bar, and the Juvenile Justice Committee of the Florida Public Defenders Association, who make the following points: Unlike first appearances, detention hearings are evidentiary and adversarial in nature, often requiring witness confrontation, challenging of evidence, and review of records and documents; the practice will put the public defender and state attorney on unequal footing by giving the state attorney the advantage of his or her physical presence in the courtroom with the judge while placing the public defender far away at the detention center with the juvenile; and this practice will deprive juveniles of the opportunity to have meaningful contact with parents, guardians, and counsellors.
The proposed amendment has been unanimously endorsed by the Juvenile Section of the Florida Conference of Circuit Judges and approved by the public defender of the thirteenth judicial circuit. Further, the Board of Governors of The Florida Bar has voted to disagree with the Juvenile Court Rules Committee’s opposition to the amendment.
While every Florida citizen is entitled to due process of law in any legal proceeding where his or her personal freedom is directly in issue, this right is not vitiated by technological changes in court procedure. Attendance of adults via audiovisual device at first appearance and arraignment “has [proven] successful ... [and] has met with the substantial approval of the arrested persons concerned.” Florida Bar re Amendment to Rules—Criminal Procedure, 462 So.2d 386, *197 386 (Fla.1984). See generally Fla.R.Crim.P. 3.130, 3.160.
While detention hearings differ from adult proceedings in several respects, we note that it is the juvenile judges themselves who have initiated the present proposal. These judges are intimately familiar with the way detention hearings function and have no vested interest in the proposal, except to make the juvenile justice system work more effectively.
Based on the foregoing, we decline at this time to adopt the proposed rule change but authorize the chief judge in each of the above circuits to institute a one-year pilot program that will allow juveniles to attend detention hearings via audiovideo device. At the conclusion of one year, the chief judge in each of the above circuits that chooses to implement such a pilot program will submit to this Court a report evaluating the program.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, HARDING and WELLS, JJ., concur.
KOGAN, J., dissents with an opinion, in which ANSTEAD, J., concurs.
ANSTEAD, J., dissents with an opinion, in which KOGAN, J., concurs.

. Section 39.042 provides in part:
39.042 Use of detention.—
(1) All determinations and court orders regarding the use of secure, nonsecure, or home detention shall be based primarily upon findings that the child:
(a) Presents a substantial risk of not appearing at a subsequent hearing;
*196 (b) Presents a substantial risk of inflicting bodily harm on others as evidenced by recent behavior;
(c) Presents a history of committing a property offense prior to adjudication, disposition, or placement;
(d) Has committed contempt of court by;
1. Intentionally disrupting the administration of the court;
2. Intentionally disobeying a court order; or
3. Engaging in a punishable act or speech in the court’s presence which shows disrespect for the authority and dignity of the court; or
(e) Requests protection from imminent bodily harm.
(2)(a) All determinations and court orders regarding placement of a child into detention care shall comply with all requirements and criteria provided in this part and shall be based on a risk assessment of the child....
(b)l. ... The risk assessment instrument shall take into consideration, but need not be limited to, prior history of failure to appear, prior offenses, offenses committed pending adjudication, any unlawful possession of a firearm, theft of a motor vehicle or possession of a stolen motor vehicle, and community control status at the time the child is taken into custody. The risk assessment instrument shall also take into consideration appropriate aggravating and mitigating circumstances.... The risk assessment instrument shall also include any information concerning the child’s history of abuse and neglect.

. The chief judge of the fifth judicial circuit has petitioned this Court to permit juveniles to attend domestic violence detention hearings via audiovi-deo device. See § 39.042, Fla.Stat. (Supp.1994).