PER CURIAM.
Kevin Hall appeals the summary denial of his motion for postconviction relief. In one of seven grounds of error, Hall claims that his plea was involuntary because counsel affirmatively misinformed him of the legal effect an arrest would have upon the status of his probation. We reverse and remand for the court to address this single issue.
While on probation Hall was charged with battering his girlfriend. During the trial for the offense, the victim recanted her testimony and Hall was acquitted of all charges. Hall claims that prior to the subsequent revocation of probation hearing he was advised by counsel to plead guilty to the violation. Allegedly, counsel stated that Hall’s arrest would be sufficient to constitute a violation of the condition of probation that he remain at liberty without violating the law.
If counsel had so informed Hall, he may well have been persuaded to enter into the plea agreement. A probationer’s arrest, without more, will not support a revocation of probation. There must be sufficient evidence presented to permit a finding that the appellant violated the terms of his probation. See Manigault v. State, 534 So.2d 856, 857 (Fla. 1st DCA 1988); Purvis v. State, 397 So.2d 746 (Fla. 5th DCA 1981).
The transcript of the plea hearing reveals that the court discussed the fact that the victim had recanted her testimony at trial. No other evidence was presented to prove that a violation of the conditions of probation had occurred. The court has failed to refute Hall’s argument. Accordingly, we reverse and remand for the court to conduct an evidentiary hearing to determine the content of counsel’s advice prior to Hall’s admission that he had violated his probation. In all other respects the order denying the motion for postconviction relief is affirmed.
Affirmed in part; reversed in part, and remanded.
PARKER, A.C.J., and PATTERSON and LAZZARA, JJ., concur.