705 So.2d 1000 (1998)
Walter MYERS, Appellant,
v.
FLORIDA PAROLE AND PROBATION COMMISSION, Appellee.
No. 97-0108.
District Court of Appeal of Florida, Fourth District.
February 4, 1998.
Walter Myers, Belle Glade, pro se.
Bradley R. Bischoff, Assistant General Counsel, Tallahassee, for appellee.
STEVENSON, Judge.
Walter Myers appeals the circuit court's summary denial of his petition for writ of habeas corpus or mandamus, in which he sought review of the Florida Parole and Probation Commission's decision suspending his presumptive parole release date (PPRD) and refusing to authorize an effective parole release date (EPRD). Because the complaint showed a prima facie case for relief, we reverse the summary denial of the petition.
Mandamus is the proper remedy for challenging the Commission's refusal to set an EPRD. On a petition for writ of mandamus, the circuit court must determine whether the Commission complied with the applicable statutes and administrative rules. The court cannot order the prisoner's release; it can only require that the Commission reconsider parole in conformance with those rules and statutes. See Williams v. Florida Parole Comm'n, 625 So.2d 926, 934 (Fla. 1st DCA 1993).
We find that appellant's claim that the Commission considered prior arrests which did not lead to convictions in making its parole determination states a preliminary basis for relief. The Objective Parole Guidelines Act was designed to provide the Commission with the means to predict a potential parolee's future recidivism:
Objective parole criteria will be designed to give primary weight to the seriousness of the offender's present criminal offense and his past criminal record. In considering the risk of recidivism, practice has shown that the best predictor is prior record. (emphasis added).
§ 947.002(2), Fla. Stat. (1997)(emphasis added).
Mere arrests are generally not considered a part of a person's "criminal record" *1001 in other criminal justice contexts and are accorded very little weight in the eyes of the law. Arrests without conviction are not scored under the sentencing guidelines. Fla. R.Crim. P. 3.703(d)(15)(C). Arrests may not be considered as a reason for an upward departure sentence. Fla. R.Crim. P. 3.703(d)(29). Arrests alone are not sufficient to constitute a violation of probation. See Hall v. State, 677 So.2d 85 (Fla. 2d DCA 1996); Manigault v. State, 534 So.2d 856 (Fla. 1st DCA 1988). Arrests, even for felony offenses, may not be used to impeach a witness' credibility at trial. § 90.610, Fla. Stat. (1997). As a general rule, any mention at trial of prior arrests which did not result in convictions is clearly improper. See Thiefault v. State, 655 So.2d 1277, 1278 (Fla. 4th DCA 1995).
Without deciding in this opinion whether arrests may properly be considered in making a parole decision, we find that the Commission should be required to respond to this issue.
Accordingly, we reverse the summary denial of the petition for mandamus and remand so that the trial court may enter an alternative writ of mandamus requiring the Parole and Probation Commission to show cause why it should not be compelled to reconsider the eligibility of petitioner for parole without consideration of any prior arrests which did not lead to convictions.
On remand, and after the Commission responds to the alternative writ of mandamus, the trial court will be required to review the entire record considered by the Commission prior to entering its final order. See Johnson v. Florida Parole Comm'n, 639 So.2d 209, 209-10 (Fla. 1st DCA 1994)(holding that adequate review of the Commission's action cannot be performed in the absence of the entire record relied on by the Commission); McCorvey v. Florida Parole Comm'n, 625 So.2d 1296, 1297 (Fla. 1st DCA 1993).
REVERSED and REMANDED.
GUNTHER, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.