708 So.2d 267 (1998)
James Robert KALWAY, Petitioner,
v.
Harry K. SINGLETARY, Respondent.
No. 89724.
Supreme Court of Florida.
February 26, 1998.
Rehearing Denied April 15, 1998.
*268 James R. Kalway, Sneads, pro se.
Robert A. Butterworth, Attorney General, and Charlie McCoy, Assistant Attorney General, Tallahassee, for Respondent.
SHAW, Justice.
We have for review Kalway v. Singletary, 685 So.2d 973 (Fla. 2d DCA 1996), wherein the district court certified conflict with Van Meter v. Singletary, 682 So.2d 1162 (Fla. 1st DCA 1996). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We approve Kalway.
During a routine inspection of James Kalway's prison cell on April 14, 1995, officers discovered fifteen gallons of a heady brew containing fermented rice, onions, tomatoes, oranges, corn meal and raisins. Kalway was charged with manufacturing an unauthorized beverage and, following a hearing, was disciplined. His administrative appeals were denied on May 25 and August 2, 1995. He filed a petition for writ of mandamus in circuit court on September 7, 1995, which was denied as time-barred under section 95.11(8), Florida Statutes (1995). The district court affirmed, certifying conflict with Van Meter, wherein the First District Court of Appeal found section 95.11(8) unconstitutional. Kalway claims that section 95.11(8) constitutes a violation of the separation of powers doctrine. We disagree.
Florida citizens seeking extraordinary relief in the courts of this state must comply with the general filing requirementsincluding time restrictionsset forth in this Court's rules of procedure. See generally Fla. R. Civ. P. 1.630; Fla. R.App. P. 9.100. Florida Rule of Civil Procedure 1.630, entitled "Extraordinary Remedies," provides in part:
(a) Applicability. This rule applies to actions for the issuance of writs of mandamus, prohibition, quo warranto, certiorari, and habeas corpus.
....
(c) Time. A complaint shall be filed within the time provided by law, except that a complaint for common law certiorari shall be filed within 30 days of rendition of the matter sought to be reviewed.
Id. (emphasis added).
The specific "time provided by law" for prisoners seeking relief from disciplinary action taken by the Department of Corrections (the Department) is set forth in section 95.11(8), Florida Statutes (1995):
95.11 Limitations other than for the recovery of real property.Actions other than for recovery of real property shall be commenced as follows:
....

*269 (8) WITHIN 30 DAYS FOR ACTIONS CHALLENGING CORRECTIONAL DISCIPLINARY PROCEEDINGS.Any court action challenging prisoner disciplinary proceedings conducted by the Department of Corrections pursuant to s. 944.28(2) must be commenced within 30 days after final disposition of the prisoner disciplinary proceedings through the administrative grievance process under chapter 33, Florida Administrative Code. Any action challenging prisoner disciplinary proceedings shall be barred by the court unless it is commenced within the time period provided by this section.
§ 95.11, Fla. Stat. (1995).[1]
This interplay between rule 1.630 and section 95.11(8) is not anomalous and does not constitute a separation of powers violation. As a practical matter, the Court on occasion has deferred to the expertise of the legislature in implementing its rules of procedure. See, e.g., Amendment to Florida Rule of Juvenile Procedure 8.100(a), 667 So.2d 195, 195 (Fla.1996) (noting that the need for juvenile detention shall be made "according to the criteria provided by law" and explaining that these "include those requirements set out in section 39.042, Florida Statutes (1995)"); In re Family Law Rules of Procedure, 663 So.2d 1049, 1086 (Fla.1995) (setting forth amended rule 12.740, which provides that all contested family matters may be referred to mediation, "[e]xcept as provided by law"). The setting of an interim time frame for challenging the Department's disciplinary action following the exhaustion of intra-departmental proceedings is a technical matter not outside the purview of the legislature. We do not view such action as an intrusion on this Court's jurisdiction over the practice and procedure in Florida courts.
Separation of powers is a potent doctrine that is central to our constitutional form of state government. See Art. II, § 3, Fla. Const. ("No person belonging to one branch shall exercise any powers appertaining to either of the other branches unless expressly provided herein."). This does not mean, however, that two branches of state government in Florida cannot work hand-in-hand in promoting the public good or implementing the public will, as evidenced by our recent decision in Amendments to the Florida Rules of Appellate Procedure, 685 So.2d 773 (Fla. 1996), wherein we deferred to the legislature in limited matters relating to the constitutional right to appeal:
[W]e believe that the legislature may implement this constitutional right and place reasonable conditions upon it so long as they do not thwart the litigants' legitimate appellate rights. Of course, this Court continues to have jurisdiction over the practice and procedure relating to appeals.
Id. at 774-75. The deferral in rule 1.630 noted above, i.e., "within the time provided by law," is far less extensive than that in Amendments.
Further, we find that a thirty-day time limit provides a reasonable window of opportunity for challenging the Department's disciplinary action. First, this period commences from the time administrative remedies are exhausted, not from the time the original disciplinary infraction was committed. See § 95.11(8), Fla. Stat. (1995). Second, a petition for extraordinary relief follows of necessity a plenary administrative review, during which time the prisoner will have had ample opportunity to develop his or her case. See ch. 33, Fla. Admin. Code. And third, this period coincides with the amount of time allotted for filing a notice of appeal in civil or *270 criminal actions. See Fla. R.App. P. 9.110, 9.140.
Accordingly, we approve Kalway.
It is so ordered.
KOGAN, C.J., OVERTON, HARDING, WELLS and ANSTEAD, JJ., and GRIMES, Senior Justice, concur.
NOTES
[1] This Court recently amended our rules of procedure to adopt the same thirty day time limit:

RULE 9.100 ORIGINAL PROCEEDINGS
(a) Applicability. This rule applies to those proceedings that invoke the jurisdiction of the courts ... for the issuance of writs of mandamus, prohibition, quo warranto, certiorari, and habeas corpus, and all writs necessary to the complete exercise of the courts' jurisdiction....
....
(c) ... The following shall be filed within 30 days of rendition of the order to be reviewed:
....
(4) A petition challenging an order of the Department of Corrections entered in prisoner disciplinary proceedings.
Fla. R.App. P. 9.100. The amendment became effective January 1, 1997. Amendments to the Florida Rules of Appellate Procedure, 685 So.2d 773 (Fla.1996).