823 So.2d 310 (2002)
Charles WELSCH, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-5151.
District Court of Appeal of Florida, Second District.
August 14, 2002.
*311 Charles Welsch, Pro Se.
Mark J. Hiers, Tallahassee, for Respondent.
DAVIS, Judge.
Charles Welsch appeals the circuit court's denial of his petition for writ of habeas corpus or mandamus. Having converted the appeal to a petition for writ of certiorari pursuant to Sheley v. Florida Parole Commission, 720 So.2d 216 (Fla. 1998), we now grant the petition.
In his petition filed in the circuit court, Welsch challenged the Parole Commission's suspension of his presumptive parole release date (PPRD). First, he claimed the Commission relied on criteria it used in establishing his PPRD to now suspend the date. Welsch's argument that the Commission erred in considering the seriousness and facts of his offenses is without merit. See Fla. Parole & Prob. Comm'n v. Paige, 462 So.2d 817, 820 (Fla. 1985) (concluding that although PPRD could not be modified absent new information or unfavorable institutional conduct, these strictures did not confine the Commission in properly exercising its discretion to determine that Paige did not meet the requirements of section 947.18, Florida Statutes (1981)); Parole & Prob. Comm'n v. Bruce, 471 So.2d 7 (Fla.1985).
Second, Welsch contended that his mental health status reports relied upon by the Commission to suspend his PPRD do not support the suspension. Prior to entering its order, the circuit court did not have before it the record considered by the Parole Commission as to this claim.
To facilitate judicial review, the Commission must articulate with specificity the reasons for its decision and provide the information from the complete official record in the inmate's case that supports those reasons. Williams v. Fla. Parole Comm'n, 625 So.2d 926, 939 (Fla. 1st DCA 1993), receded from on other grounds, Sheley v. Fla. Parole Comm'n, 703 So.2d 1202 (Fla. 1st DCA 1997). A trial court is *312 required to review the record considered by the Commission prior to entering its final order. See Myers v. Fla. Parole & Prob. Comm'n, 705 So.2d 1000 (Fla. 4th DCA 1998); McCorvey v. Fla. Parole Comm'n, 625 So.2d 1296 (Fla. 1st DCA 1993). The trial court failed to do so in this case.
Accordingly, we grant the petition for writ of certiorari and quash the order below. On remand the circuit court's consideration of the suspension of the PPRD will require the Commission's response, which should contain the records considered in Welsch's administrative hearings. Myers, 705 So.2d at 1001; Sheley, 720 So.2d at 217.
Petition granted, order quashed, and cause remanded for further proceedings.
FULMER and KELLY, JJ., concur.