939 So.2d 247 (2006)
TYRONE M. HOWARD, Petitioner,
v.
FLORIDA PAROLE COMMISSION, Respondent.
Case No. 1D06-0580.
District Court of Appeal of Florida, First District.
Opinion filed October 16, 2006.
Tyrone M. Howard, pro se, Petitioner.
Kim M. Fluharty, General Counsel, and Susan Schwartz, Assistant General Counsel, Florida Parole Commission, Tallahassee, for Respondent.
PER CURIAM.
By a petition for writ of certiorari, petitioner, Tyrone Howard, a prisoner in the state correctional system, seeks review of a final order entered by the circuit court. Because we conclude that the circuit court's order constituted a departure from the essential requirements of law, we grant the petition.
The Florida Parole Commission ("FPC") declined to set an effective parole release date ("EPRD") for petitioner, citing his criminal history, unsatisfactory conduct while in prison, and a psychological evaluation. To facilitate judicial review, FPC must articulate with specificity the reasons for its decision and provide the information from the complete official record in the inmate's file that supports those reasons. Williams v. Fla. Parole Comm'n, 625 So. 2d 926, 939 (Fla. 1st DCA 1993) receded from on other grounds, Sheley v. Fla. Parole Comm'n, 703 So. 2d 1202 (Fla. 1st DCA 1997). A circuit court is required to review the record considered by FPC before entering its final order. See Myers v. Fla. Parole & Prob. Comm'n, 705 So. 2d 1000 (Fla. 4th DCA 1998); McCorvey v. Fla. Parole Comm'n, 625 So. 2d 1296 (Fla. 1st DCA 1993). Petitioner filed a petition for writ of habeas corpus in the circuit court to challenge FPC's decision. FPC filed a response and cited petitioner's psychological evaluation, but FPC did not provide a copy of that evaluation to the circuit court for review. Petitioner filed a reply and argued that the circuit court was required to review the psychological evaluation. The circuit court denied the petition, and petitioner sought certiorari review in this Court.
"The scope of our review on such a petition for certiorari is limited to determining whether the trial court (1) afforded due process and (2) observed the essential requirements of law." Randall v. Fla. Dep't of Law Enforcement, 791 So. 2d 1238, 1240 (Fla. 1st DCA 2001) (citing Sheley, 703 So. 2d at 1202, approved, 720 So. 2d 216 (Fla. 1998)). A ruling constitutes a departure from "the essential requirements of law" when it amounts to "a violation of a clearly established principle of law resulting in a miscarriage of justice." Combs v. State, 436 So. 2d 93, 95-96 (Fla. 1983).
FPC has argued that its summary of the psychological evaluation was sufficient and that petitioner did not challenge that summary as inaccurate. In Williams, this Court held that a circuit court reviewing an FPC decision for an abuse of discretion must determine from the record whether FPC deviated from legal requirements or otherwise acted improperly in reaching its decision. This Court stated:
Based on the record before us, it appears that the Commission did not identify the portions of the record that support some of its reasons, and that the trial court did not have material portions of the complete official file in Williams's case that were or should have been considered by the Commission in deferring Williams's EPRD and denying parole for the reasons stated.
Williams, 625 So. 2d at 939. In order to determine whether FPC acted properly, "the trial court should have had available for review those portions of the inmate's file that are relevant and material to the reasons cited by the Commission's order. . . ." Id. In Swain v. Fla. Parole Comm'n, 776 So. 2d 1079 (Fla. 4th DCA 2001), the court similarly viewed Williams as creating a requirement that the circuit court must review the material portions of an inmate's file before determining whether FPC abused its discretion. Here, the circuit court was required to review the psychological evaluation considered by FPC to determine whether FPC abused its discretion in declining to authorize an EPRD. See Welsch v. State, 823 So. 2d 310 (Fla. 2d DCA 2002) (stating that a circuit court is required to review the record, including an inmate's psychological evaluation, considered by FPC before entering its final order).
Accordingly, we grant the petition for writ of certiorari, quash the circuit court's order, and remand for further proceedings.
PETITION GRANTED.
KAHN, BENTON, and LEWIS, JJ., CONCUR.
NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED.