ERVIN, III, RICHARD W., Senior Judge.,
concurring.
Inmate William Chester Cole seeks review of an order dismissing his petition for writ of mandamus challenging the Department of Corrections’s calculation of gain time credits applied to his sentences. Relying on Kalway v. Singletary, 708 So.2d 267 (Fla.1998), which had held that a petition for extraordinary relief must be filed within 30 days from the time that administrative remedies are exhausted, the lower court dismissed the petition as time-barred, noting that Cole had previously filed a petition for the same relief in the Leon County Circuit Court, resulting in the dismissal of the action for lack of jurisdiction on the ground that the relief sought constituted a collateral challenge to his sentence; as a consequence, the court in Leon County concluded that the sentencing court, which it was not, should entertain the petition.
The lower court’s order correctly noted that the dismissal was incorrect, citing Burgess v. Crosby, 870 So.2d 217 (Fla. 1st DCA 2004) (challenge to gain time determination is not a collateral challenge to a sentence). Because Cole did not appeal the prior dismissal, the lower court dismissed the challenge for the reason that it was untimely filed.
Notwithstanding the dismissal of his action, Cole retains the option of seeking relief from judgment via Florida Rule of Civil Procedure 1.540(b) in the Leon County Circuit Court at any time on the ground that the judgment entered was void.