963 So.2d 305 (2007)
Donald Hugh ARMOUR, Jr., Petitioner,
v.
FLORIDA PAROLE COMMISSION, Respondent.
No. 1D06-5427.
District Court of Appeal of Florida, First District.
August 14, 2007.
Donald Hugh Armour, Jr., pro se, Petitioner.
Kim Fluharty, General Counsel, and Bradley R. Bischoff, Assistant General Counsel, Florida Parole Commission, Tallahassee, for Respondent.
PER CURIAM.
Donald Hugh Armour petitions this court for writ of certiorari[1] challenging the circuit court's order construing his petition for writ of habeas corpus as a petition for non-habeas relief and affirming the Florida Parole Commission's suspension of his presumptive parole release date. We grant the petition.
*306 The Commission issued an order granting parole to Armour in March 2003, setting his effective parole release date [EPRD] for April 29, 2003. The following month, the Commission postponed the release because it had received "new information," namely that the State of Michigan had not completed its investigation of Armour's proposed parole release plan. See § 947.1745(5)(a), Fla. Stat. (2005). Armour waived his right to a hearing and agreed to an extension of his EPRD to a date 30 days from the Commission's receipt of Michigan's completed investigation. Before receiving anything from the State of Michigan, however, the Commission issued an order rescinding Armour's parole and suspending his presumptive parole release date [PPRD], finding that his "release would be contrary to the provisions of the Florida Statutes."
In June 2003, Michigan informed the Commission that the conditions in Armour's proposed plan were satisfactory and recommended that he be allowed parole release in Michigan. Thereafter, a parole examiner conducted an EPRD interview and recommended that Armour be released on parole, and included in the report that the Department of Corrections staff recommended that he be released on parole. The Commission nevertheless issued a report stating that it had decided not to authorize his EPRD and that his PPRD of September 18, 2003, would remain suspended.[2]
Armour sought review from the Commission, claiming that it had "no new good cause or exceptional circumstance, no new information or unfavorable institutional conduct, whereby to justify its action." The Commission denied the request for review, stating that there is no authority for appealing the suspension of a PPRD. Armour filed a petition for writ of habeas corpus in Leon County Circuit Court, seeking to compel the Commission to release him on parole consistent with the previously set EPRD and the parole plan approved by the State of Michigan. The circuit court determined that Armour was not properly seeking habeas relief, "[b]ecause the complaint does not challenge the lawful authority of the Department of Corrections' detention of the plaintiff," but instead sought certiorari or mandamus relief, and directed him to pay a filing fee.
The lower court departed from the essential requirements of law by construing Armour's petition for writ of habeas corpus as seeking non-habeas relief. See Thomas v. State, 751 So.2d 764 (Fla. 1st DCA 2000) (granting certiorari because the circuit court applied the incorrect law by treating petitioner's 3.800(c) motion as seeking relief under rule 3.800(a), and did not reach the merits of the motion). Armour was not challenging the suspension of his PPRD but was challenging the rescission of his EPRD. This court has stated that "a Commission order suspending an *307 inmate's PPRD and thereby refusing to set an effective parole release date is appropriately reviewed by mandamus," but that "the proper remedy to obtain review of a Commission's decision after it has set an EPRD is by habeas corpus for release." Williams v. Fla. Parole Comm'n, 625 So.2d 926, 934 (Fla. 1st DCA 1993). "[J]udicial review is . . . available through the common law writs of mandamus, for review of PPRD's, and habeas corpus, for review of effective parole release dates." Griffith v. Fla. Parole & Probation Comm'n, 485 So.2d 818, 820 (Fla.1986).
The Commission stated that the reason it was postponing Armour's EPRD was because it did not have the information it needed from Michigan, yet it rescinded his EPRD before receiving the information from Michigan. Armour claimed the Commission was bound by the EPRD unless it received new and prejudicial information, and that it rescinded his parole based upon the same information the Commission had already considered when it established his EPRD.
By concluding that Armour was challenging the suspension of his PPRD, which it reviewed for abuse of discretion, rather than whether the Commission had the statutory authority to rescind his EPRD, the circuit court violated a clearly established principle of law resulting in a miscarriage of justice. See, e.g., Howard v. Fla. Parole Comm'n, 939 So.2d 247 (Fla. 1st DCA 2006). We therefore grant the petition for writ of certiorari and direct the lower court to reinstate Armour's petition for writ of habeas corpus, to vacate the order directing him to pay a filing fee, and to transfer his petition to the Union County Circuit Court, the county where Armour is incarcerated. See, e.g., Carter v. Fla. Parole Comm'n, 955 So.2d 665 (Fla. 1st DCA 2007); Knowles v. Fla. Parole Comm'n, 846 So.2d 1246 (Fla. 1st DCA 2003).
WOLF, PADOVANO, and ROBERTS, JJ., concur.
NOTES
[1] The petition for writ of certiorari was timely, because his motion for rehearing below was timely under the appellate rules and thus tolled the time for filing his notice of appeal. See Newell v. Moore, 826 So.2d 1033 (Fla. 1st DCA 2002).
[2] The report recounted the facts of Armour's murder conviction in 1976, six disciplinary reports he received between 1978 and 1998, and five disciplinary reports he received while he was imprisoned in Nevada and Oregon between 1986 and 1991. The Commission noted his history of substance abuse and the fact that in a psychological evaluation in 2001, he denied any history of alcohol or drug abuse, although he had previously received four disciplinary reports for consumption of intoxicants while incarcerated. The Commission observed that there is no known method to reliably predict future violent behavior, and determined that Armour "is still in need of evaluation, observation, and treatment and recommend[ed] that he participate in anger and stress management, mental health treatment, and substance abuse." The Commission concluded that these facts "have demonstrated his unsuitability for community based supervision and are not conducive indicators for a successful parole."