BARFIELD, J.
 

 This appeal challenges the dismissal of a petition for writ of mandamus which sought review of formal grievances and grievance appeals arising out of a prison disciplinary action. Because we find that the circuit court erroneously ruled that the petition was untimely filed, we reverse.
 

 BACKGROUND
 

 In September 2007, appellant received a disciplinary report (DR) which alleged “disrespect to officials,” based upon remarks he had made to one corrections officer in the presence of another corrections officer. He was found guilty after a hearing before the disciplinary team, was placed in disciplinary confinement, and forfeited gain time. He thereafter filed two formal inmate grievances to the institution challenging the disciplinary action, one of which (07-0837) stated that the DR had described two incidents of disrespect to the officer at two locations, in violation of Rule 33-601.304(1), Florida Administrative Code, which requires each DR to include only one violation.
 
 [1]
 
 That grievance was denied by the chairman of the disciplinary team which had heard the DR.
 

 On October 19, 2007, appellant filed two grievance appeals to the Secretary of the Department of Corrections (DOC) which challenged the denial of his grievance 07-0837 on two separate grounds. One ap
 
 *965
 
 peal (07-6-27350) alleged the original “two incidents” ground, and a separate appeal (07-6-27465) claimed that the chairman of the disciplinary team which heard the DR had improperly responded to grievance 07-0837, in violation of Rule 33-601.306(1), Florida Administrative Code.
 

 The record presented in this appeal does not contain the response to appeal 07-6-27350, but appeal 07-6-27465 was returned to appellant on October 25, 2007, for noncompliance with chapter 33-103, stating that he was allowed fifteen days “to submit a new appeal to this office with a copy of the DC 1-303 filed at the institutional level and the warden’s response.” On November 1, 2007, appellant timely filed a rule-compliant grievance appeal (07-6-29191) which stated the same claim stated in 07-6-27465. This appeal was denied on November 16, 2007 and stamped by the agency clerk on November 26, 2007.
 

 PETITION FOR WRIT OF MANDAMUS
 

 On December 18, 2007, appellant submitted for mailing a petition for writ of mandamus, in which he claimed that at the disciplinary hearing, he told the disciplinary team that the DR had alleged “two disciplinary infractures,” in violation of Rule 33-601.304(1), Florida Administrative Code. He also claimed that another “due process violation” occurred when the correctional institution allowed the chairman of the disciplinary team which heard the DR to respond to his grievance concerning the DR, and that DOC had “condoned these due process violation[s] when it denied this Petitioner’s grievance appeal to them [sic].” Attached to the petition were the DR, the disciplinary hearing worksheet, grievance 07-0837, grievance appeal 07-6-27465 with the agency’s October 25, 2007, response, and grievance appeal 07-6-29191 with the agency’s November 26, 2007, response.
 

 In response to the circuit court’s order to show cause why the petition for writ of mandamus should not be granted, the Secretary of DOC argued that the petition was not timely filed. The response asserted that appellant had exhausted his administrative remedies on October 31, 2007, when the agency date stamped the denial of his grievance appeal 07-6-27349, regarding the separate grievance (07-0840), which alleged that the DR failed to specify the rule violated. It argued that the petition was filed “well beyond the 30 day limit,” citing Rule 1.630(c), Florida Rules of Civil Procedure; Rule 9.100(c), Florida Rules of Appellate Procedure; Section 95.11(8), Florida Statutes (2007); and
 
 Kalway v. Singletary,
 
 708 So.2d 267 (Fla.1998).
 

 Appellant filed a reply, arguing that the response to grievance 07-6-27465 found that it was not in compliance with chapter 33 and allowed him fifteen days to comply, that he thereafter filed a grievance in compliance with the rules and received a response on November 26, 2007, and that his mandamus petition seeking review of that ruling was therefore timely filed.
 

 DISMISSAL ORDER
 

 In its order dismissing the petition as untimely filed, the circuit court noted that under rule 9.100(c)(4) and section 95.11(8), the period for challenging the disciplinary action is 30 days after exhaustion of administrative remedies and that under Ortiz
 
 v. Moore,
 
 741 So.2d 1153, 1154 (Fla. 1st DCA 1999), “the timeliness of an inmate petition challenging a prison disciplinary proceeding is dependent upon the date of rendition of the ‘order’ constituting final disposition of the inmate’s grievances concerning the proceeding,” i.e., the date the order is filed with the agency clerk. The
 
 *966
 
 court noted that appellant had provided evidence “which shows that he filed multiple grievances to the Secretary of the Department of Corrections” and that one of the grievances was stamped by the agency clerk on November 26, 2007, but it also noted that the Secretary’s exhibits indicated appellant filed a grievance to which the Secretary responded on October 31, 2007. The court found: “Because a grievance response, pertaining to the disciplinary pi'oceeding in question, was stamped by the Agency Clerk on October 31, 2007, Petitioner’s thirty day time limitation to challenge the disciplinary action in this court also began on October 31, 2007.” It ruled that “[t]he filing of numerous grievances does not extend Petitioner’s time to challenge the Department’s actions in this court,” and that “[h]olding otherwise would encourage abuse of the grievance procedure and would result in delayed review of disciplinary hearings.”
 

 ANALYSIS
 

 Florida Administrative Code Rule 33-103.006(2)(f), pertaining to formal grievances at the institution or facility level, and Florida Administrative Code Rule 33-103.007(2)(f), pertaining to appeals to the Office of the Secretary of DOC, both provide: “Each grievance shall address only one issue or complaint.” We read the first rule to mean that if an inmate believes that more than one ground exists for challenging a disciplinary action, he or she must file more than one formal grievance pertaining to that action, each grievance addressing only one ground. We read the second rule to mean that if a formal grievance of a disciplinary action is denied and the inmate believes that more than one ground exists for appealing the denial of the formal grievance, he or she must file more than one grievance appeal to the Office of the Secretary of DOC pertaining to that grievance denial, each appeal addressing only one ground.
 

 Appellant complied with the DOC rules by filing separate grievances, each raising a different ground for challenging the September 2007 disciplinary action, and when his grievance 07-0837 was denied, by filing separate appeals to the Secretary, each raising a different ground for challenging the denial of grievance 07-0837.
 

 The fact that appellant exhausted his administrative remedies with respect to a separate grievance raising an issue not raised in his December 18, 2007, petition for writ of mandamus is irrelevant to the question of whether that petition was timely filed. The circuit court erred as a matter of law in ruling that the petition was untimely because it was filed more than thirty days from October 31, 2007, the date of rendition of the denial of the appeal (07-6-27349) relating to grievance 07-0840, in which appellant claimed that the statement of facts in the DR had failed to state the specific rule violated, an issue not raised in the instant petition.
 

 The petition for writ of mandamus, to the extent it challenged the denial of grievance 07-0837 on the ground that the chairman of the disciplinary team which heard the DR was improperly allowed to respond to the grievance, was timely filed within thirty days of the November 26, 2007, rendition of the response denying the appeal on that ground (07-6-27465). The circuit court therefore erred as a matter of law in dismissing the petition as untimely filed with respect to this ground.
 

 This record indicates that the Office of the Secretary responded to the appeal (07-6-27350) alleging the “two incidents” ground upon which grievance 07-0837 was based, but it does not contain that response, the date of rendition of which is essential to the determination of
 
 *967
 
 whether the petition was timely filed with respect to that ground. We find that on the record before us, the Secretary did not demonstrate to the circuit court that the petition for writ of mandamus was untimely filed with respect to the “two incidents” ground. Therefore, the circuit court abused its discretion in dismissing the petition as untimely with respect to this ground.
 

 The order dismissing the petition for writ of mandamus is REVERSED and the case is REMANDED to the circuit court for further proceedings consistent with this opinion.
 

 KAHN, and VAN NORTWICK, JJ., concur.
 

 [1]
 

 . In a separate grievance (07-0840), appellant claimed that the statement of facts in the DR had failed to state the specific rule violated, in violation of rule 33-601.304(2)(b), Florida Administrative Code. The denial of this grievance was appealed to the Secretary of the Department of Corrections on October 19, 2007 (07-6-27349). That appeal was denied on October 25, 2007, stamped by the agency clerk on October 31, 2007.