PER CURIAM.
 

 Appellant’s petition for extraordinary relief from final Florida Parole Commission agency action affirming the suspension of Appellant’s Presumptive Parole Release Date (“PPRD”) was properly deemed untimely by the circuit court pursuant to section 95.11(5)(f), Florida Statutes. The final agency action occurred on April 5, 2006, upon the Commission’s “Extraordinary Review” of the previous negative determination under section 947.18, Florida Statutes and suspension of Appellant’s PPRD.
 

 It has long been recognized that agency action by the Florida Parole Commission “with respect to an inmate’s PPRD diminishes with the passage of time, so that the necessity and advisability of judicial intervention ... also subsides with the passage of time.”
 
 Jordan v. Florida Parole & Probation Commission,
 
 403 So.2d 591, 592 (Fla. 1st DCA 1981). A PPRD is “presumptive only; it does not indicate the effective parole release date.”
 
 Id.
 
 As stated in
 
 Armour v. Fla. Parole Comm’n,
 
 963 So.2d 305, 306-07 (Fla. 1st DCA 2007), “a Commission order suspending an inmate’s PPRD and thereby refusing to set an effective parole release date is appropriately reviewed by mandamus.”
 
 See also, Williams v. Fla. Parole Comm’n,
 
 625 So.2d 926, 934 (Fla. 1st DCA 1993).
 

 Because the trial court properly classified Appellant’s action below as one for non-habeas corpus extraordinary relief, and because Appellant, a prisoner, sought extraordinary relief more than one year after the agency action of the Florida Parole Commission became final, the trial court’s denial of the writ of mandamus as time-barred under section 95.11(5)(f), Florida Statutes, was correct and no error has been shown by Appellant.
 

 The order of the circuit court is therefore AFFIRMED.
 

 KAHN, BENTON, and CLARK, JJ., concur.