WOLF, J.
George Lewis, appellant, appeals from the trial court’s determination that his petition for writ of mandamus challenging his presumptive parole release date (PPRD) was untimely as a result of the application of section 95.11(5)(f), Florida Statutes (2011). He alleges that the statute constitutes an unconstitutional infringement on the Florida Supreme Court’s rulemaking power pursuant to article V, section 2(a) of the Florida Constitution. We find the statute to be constitutional pursuant to the dictates of Kalway v. Singletary, 708 So.2d 267, 269 (Fla.1998), and affirm.
Appellant is serving a life sentence with a minimum mandatory twenty-five years in prison for first-degree murder and twelve years in prison for sexual battery. An initial parole interview was held on March 26, 2010, and at the following Florida Parole Commission (Commission) meeting, the PPRD was established as August 30, 2051. Appellant requested a review of the Commission’s action, and the review meeting was held on October 20, 2010. The decision of the Commission was filed with the clerk on October 29, 2010.
On January 20, 2012, appellant (through counsel) filed a Complaint for Writ of Mandamus with the circuit court to review the Commission’s decision. Finding the com-plainf/petition facially sufficient, the court issued an Order to Show Cause. The Commission filed a response which included an allegation that the petition was time-barred pursuant to section 95.11(5)(f) and Moger v. Florida Parole Commission, 22 So.3d 138 (Fla. 1st DCA 2009), rev. denied 32 So.3d 59 (Fla.2010). Appellant filed a reply, arguing that section 95.11(5)(f) violated the separation of powers doctrine and was therefore unconstitutional. The lower court dismissed the petition as time-barred by statute, indicating that the First District already determined the applicability of section 95.11(5)(f) to parole determinations in Moger. The court also pointed out that, as mandamus is non-habeas relief, other cases finding the unconstitutionality of section 95.11 in the habeas context, such as Jones v. Florida Parole Commission, 48 So.3d 704 (Fla.2010), are not applicable. Constitutional challenges to statutes are pure questions of law, subject to de novo review. Haddock v. Carmody, 1 So.3d 1133 (Fla. 1st DCA 2009).
In 1986, with the repeal of a prisoner’s ability to file an appeal of an administrative proceeding, the Florida Supreme Court acknowledged that the proper method to seek review of a, PPRD determination is a complaint or petition for writ of mandamus and, for review of effective parole release dates, a writ of habeas corpus. Griffith v. Fla. Parole & Probation Comm’n, 485 So.2d 818, 820 (Fla.1986). The court noted at that time that a petition for writ of mandamus was “subject to no rigid time requirement for filing.” Id. at 819 n. 1.
In 1996, the Florida Legislature adopted section 95.11(5)(f) establishing the one-year limit on petitions for extraordinary writs filed by or on behalf of prisoners. See Ch. 96-106, Laws of Fla.
Article V, section 2(a) of the Florida Constitution grants the supreme court the exclusive authority to adopt rules of “practice and procedure.” Where the Legislature enacts a procedural law, it encroaches upon the judicial branch and violates the separation of powers doctrine. However, the supreme court has, at times:
deferred to the expertise of the legislature in implementing its rules of procedure. See, e.g., Amendment to Florida Rule of Juvenile Procedure 8.100(a), 667 So.2d 195, 195 (Fla.1996) (noting that the need for juvenile detention shall be made “according to the criteria provided *536 by law” and explaining that these “include those requirements set out in section 39.042, Florida Statutes (1995)”); In re Family Law Rules of Procedure, 663 So.2d 1049, 1086 (Fla.1995) (setting forth amended rule 12.740, which provides that all contested family matters may be referred to mediation, “[e]xeept as provided by law”).
Kalway, 708 So.2d at 269.
In Kalway, the supreme court acknowledged such a deferral in Florida Rule of Civil Procedure 1.630, entitled “Extraordinary Remedies,” which provides in part:
(a) Applicability. This rule applies to actions for the issuance of writs of mandamus, prohibition, quo warranto, certiora-ri, and habeas corpus.
[[Image here]]
(c) Time. A complaint shall be filed within the time provided by law, except that a complaint for common law certio-rari shall be filed within 30 days of rendition of the matter sought to be reviewed.
(Emphasis added).
The Kalway court relied on this rule language to find that section 95.11(8), Florida Statutes, which limits the time to challenge a disciplinary decision of the Department of Corrections to thirty days, was not a violation of the separation of powers doctrine and was, therefore, constitutional. Kalway, 708 So.2d at 269.[1] It is the interplay of the rule and the statute that prevents a violation of the separation of powers doctrine. The Commission argues that the same reasoning should apply for section 95.11(5)(f).
The supreme court, however, has limited the broad language of Kalway. In Allen v. Butterworth, the supreme court considered a constitutional challenge to the Death Penalty Reform Act (DPRA), which attempted to alter drastically the postcon-viction procedure of Florida Rule of Criminal Procedure 3.850 motions, which are a substitute for habeas corpus petitions. The act was challenged as a violation of the separation of powers doctrine, a suspension of the writ of habeas corpus, and a violation of equal protection and due process. 756 So.2d 52, 59 (Fla.2000). The court rejected the argument that Kalway applied to habeas corpus petitions and wrote:
It is important to note that, unlike the DPRA, which poses equal protection and due process problems, there were no constitutional infirmities with the thirty-day deadline at issue in Kalway. However, we clarify our holding in Kalway in order to make it clear that this Court did not cede to the Legislature the power to control the time in which extraordinary wit actions must be commenced.
Allen, 756 So.2d at 62 n. 4. (emphasis added). Further:
[T]he writ of habeas corpus and other postconviction remedies are not the type of “original civil action” described in Williams [v. Law, 368 So.2d 1285 (Fla. 1979)], for which the Legislature can establish deadlines pursuant to a statute of limitations. Due to the constitutional and quasi-criminal nature of habeas proceedings and the fact that such proceedings are the primary avenue through which convicted defendants are able to challenge the validity of a conviction and sentence, we hold that article V, section 2(a) of the Florida Constitution grants this Court the exclusive authority to set deadlines for postconviction motions.
Id. at 62 (emphasis added).
In Jones, the supreme court, applying the Allen analysis, concluded that Kalway *537 and section 95.11(5)(f) did not apply to habeas corpus petitions filed to challenge parole revocation matters. 48 So.3d at 708. Additionally, the Jones court found that a habeas corpus petition would always be timely:
The writ of habeas corpus is one of the most important and protected legal rights in both United States and Florida jurisprudence. “The purpose of a habe-as corpus proceeding is to inquire into the legality of the petitioner’s present detention.” Sneed v. Mayo, 69 So.2d 653, 654 (Fla.1954) (emphasis supplied). The purpose of a habeas petition is not to challenge the judicial action that places a petitioner in jail; rather, it challenges the detention itself. Section 95.11(5)(f) does not provide for a specific time when causes of action subject to its statute of limitations accrue. Even if this Court were to find that section 95.11(5)(f) can constitutionally be applied to habeas petitions, which we do not, a new cause of action would accrue each day that a defendant is detained. If a petitioner alleges that he is unlawfully detained, “his claim [is] necessarily filed within the one-year time limitation established by the statute.” Martin [v. Fla. Parole Comm’n, 951 So.2d 84, 86 (Fla. 1st DCA 2007) ]. Here, Jones was detained at the time his habeas petition was filed, so it was timely even under an unconstitutional application of section 95.11(5)(f).
Jones, 48 So.3d at 710-711.
We are, thus, faced with the question of whether the reasoning of Kalway applies to a non-habeas petition which does not challenge the prisoner’s present detention. In Moger, 22 So.3d 138, we applied the statute to such a situation but did not expressly reach the constitutional issue.
Appellant wishes this court to focus on the language from Allen and Jones that the court “did not cede” its power to control the time in which extraordinary writs actions must be commenced. We interpret this language to mean, as in Kalway, that while the supreme court could always override the Legislature in this area, absent action by the court, the “as provided by law” language in Florida Rule of Civil Procedure 1.630 gave the Legislature the opportunity to adopt reasonable time limitations.
The reason Florida Rule of Civil Procedure 1.630 and Kalway did not apply in Jones and Allen was because of the special constitutional protections related to habeas corpus. The application of section 95.11(5)(f) in the instant situation does not raise the same concerns.
Appellant also relies on language contained in Johnson v. Florida Parole Commission, 841 So.2d 615 (Fla. 1st DCA 2003). We find that any language in Johnson related to writs of mandamus in PPRD proceedings was dicta as the issue in that case involved the review of the revocation of parole by petition for writ of habeas corpus. Thus, any reliance on Johnson in the PPRD context is misplaced.[2]
Here, the issue does not involve a petition for habeas corpus. The only constitutional challenge to the statute is a separation of powers challenge. Appellant raises no other “constitutional infirmities” in applying Florida Rule of Civil Procedure 1.630 and section 95.11(5)(f) to non-habeas writs. Until the Florida Supreme Court *538 exercises its authority to control the time in which a PPRD writ of mandamus must be commenced, Florida Rule of Civil Procedure 1.630 controls and the time shall be “as provided by law.” Because of this interplay of rule and law, section 95.11(5)(f) does not violate the separation of powers doctrine.
AFFIRMED.
BENTON, C.J. and SWANSON, J., Concur.

. The Kalway court did acknowledge its recent adoption of the same thirty-day limit in Florida Rule of Appellate Procedure 9.100(c)(4), but that rule would not have been applicable to the outcome of the previously-filed Kalway case.

. Other cases cited by appellant, including Roberts v. Florida Parole Commission, 951 So.2d 75 (Fla. 1st DCA 2007), do not specifically address the applicability or constitutionality of section 95.11(5)(f) in the PPRD context either because the case did not involve a PPRD or because one year had not yet lapsed between the final decision of the Commission and the filing of the petition for writ of mandamus.