IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JOHN YOUNG,

      Appellant,

 v.                                     Case No.  5D17-1308

FLORIDA COMMISSION ON OFFENDER
REVIEW, DEPARTMENT OF CORRECTIONS
AND STATE OF FLORIDA,

      Appellees.
_____/

Opinion filed August 18, 2017

3.800 Appeal from the Circuit
Court for Putnam County,
Scott C. Dupont, Judge.

John L. Young, Cross City, pro se.

Beverly Brewster, Assistant General
Counsel, Department of Corrections,
Tallassee, for Department of Corrections,
Appellee.

Rana Wallace, General Counsel,
Commission on Offender Review,
Tallahassee, for Appellee, Commission on
Offender Review.

No appearance for Appellee, State of
Florida.

EDWARDS, J.

      John Young appeals the order dismissing what the Putnam County Circuit Court

treated as a motion to correct sentence filed pursuant to Florida Rule of Criminal

Procedure 3.800(a). Although the circuit court correctly dismissed Young's first claim against one respondent, finding it should be filed as a civil writ in Leon County Circuit Court, the court erred when it failed to address Young's claim that his life sentence for capital sexual battery is illegal.

In October 1985, Young entered a guilty plea to capital sexual battery and was sentenced to life imprisonment with a minimum mandatory 25-year term after he admitted in a police interview to having a "sexual problem" with a boy under the age of ten. Young has repeatedly and unsuccessfully challenged the legality of his life sentence. The trial court and this court have denied each challenge.

Young's current challenge to his life sentence began as a petition for writ of certiorari, filed with the Florida Supreme Court, in which he posed two questions:

> 1. When a PPRD [Presumptive Parole Release Date] is set beyond [defendant's] life expectancy does the sentence become invalid and indeterminate where the statutory sentence statute in effect at the time can no longer carry out its terms?
> 2. Can a person be held under a capital felony when the capital punishment was abolished for 794.011?

The Supreme Court treated Young's filing as a petition for habeas corpus, transferred it to the Putnam County Circuit Court, and proposed that the petition might be considered as a rule 3.800(a) motion. The circuit court treated it as a rule 3.800(a) motion, but then dismissed Young's motion, stating that it would have been more appropriately presented as a civil writ to the circuit court or district court of appeal in which the Department of Corrections is headquartered. From that decision, Young filed a petition for writ of certiorari in the First District Court of Appeal, which in turn transferred that

petition to this court. We treat this as an appeal from the dismissal of Young's rule 3.800(a) motion.

In his first claim, Young challenged the legality of action by the Florida Commission on Offender Review regarding its establishment of his PPRD beyond his life expectancy. In his second claim, he challenged the legality of his sentence and his continued incarceration by the Department of Corrections and the State of Florida. In this second claim, Young seems to assert that the abolition of the death penalty for non-fatal sexual battery in *Buford v. State*, 403 So. 2d 943 (Fla. 1985), resulted in the concurrent re-categorization of "capital" felonies as first-degree felonies for which life sentences could not be imposed and somehow transformed them into nonexistent crimes for which he could not be imprisoned.

Young's first claim that the Commission on Offender Review improperly set his PPRD beyond his life expectancy should have been filed in a petition for writ of mandamus in the Leon County Circuit Court, and the trial court correctly dismissed this claim. *See Johnson v. Fla. Parole Comm'n*, 841 So. 2d 615, 617 (Fla. 1st DCA 2003). "[J]udicial review is . . . available through the common law writs of mandamus, for review of PPRD's, and habeas corpus, for review of effective parole release dates." *Armour v. Fla. Parole Comm'n*, 963 So. 2d 305, 307 (Fla. 1st DCA 2007). Once the trial court conducts a complete review and denies the petition, the inmate is not entitled to a second plenary appeal but may file a petition for writ of certiorari in the district court of appeal. *Id.* Therefore, if Young wishes to pursue this claim, he must file a petition for writ of mandamus in the Leon County Circuit Court to obtain review of his PPRD.

In Young's second claim he alleges that his life sentence is illegal because capital sexual battery is no longer a capital felony. The Putnam County Circuit Court did not address this second claim; rather, it dismissed the motion without prejudice to permit Young to file a civil writ in the circuit where he is housed. An argument can be made that the proper venue for such a filing is the circuit where he is imprisoned, as he challenges being incarcerated based on what he claims is a nonexistent capital felony. However, at its roots, Young's second claim challenges his sentence. Sentencing is the obligation of the court rather than the Department of Corrections. *See Forbes v. Singletary*, 684 So. 2d 173, 174 (Fla. 1996); *Thomas v. State*, 612 So. 2d 684, 684 (Fla. 5th DCA 1993). The Putnam County Circuit Court, where Young was convicted and sentenced, would be the proper court to address this second claim that focuses on his sentence. *See Bornstein v. State*, 893 So. 2d 687, 688 (Fla. 5th DCA 2005). Although we are aware that similar claims have been litigated, we will not address the merits because we are remanding the case for further consideration.[1]

Accordingly, we affirm the trial court's dismissal of claim one without prejudice for Young to seek review of his PPRD in the Second Judicial Circuit Court in Leon County, but reverse as to claim two and remand for further consideration in the Seventh Judicial Circuit Court, in Putnam County to address and rule on Young's claim that his life sentence is illegal based on the decision in *Buford v. State*, 403 So. 2d 943 (Fla. 1981).

AFFIRMED in part; REVERSED in part; REMANDED.

PALMER and ORFINGER, JJ., concur.

---

[1] *See, e.g., Rusaw v. State*, 451 So. 2d 469 (Fla. 1984); *Carter v. State*, 483 So. 2d 740 (Fla. 5th DCA 1986).